IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELAINE M. MCFARLAND *individually and on behalf of all others similarly situated*,<br><br>            Plaintiff,<br><br>            v.<br><br>CALUSA INVESTMENTS, LLC *doing business as* NEXT DAY LOAN,<br><br>            Defendant. | CIVIL ACTION NO. 06-1519 |

## **MEMORANDUM ORDER**

CONTI, District Judge.

Pending before this court is a motion to dismiss filed by defendant Calusa Investments, LLC, doing business as Next Day Loan ("defendant" or "Calusa"). In her one count complaint, plaintiff Elaine McFarland ("plaintiff") alleges that Calusa violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*., (the "FCRA") by disseminating a mortgage loan solicitation mailer (the "mailer") to plaintiff and others similarly situated, which was in violation of the FCRA. Specifically, plaintiff alleges that the mailer was not a firm offers of credit as defined by the FCRA, and therefore violated the FCRA.

### *Background*

The mailer at issue included the following pertinent information:

- no restrictions on how you spend your money
- Calusa lends up to 125% of your home's value
- a faux check in the amount of $110,500 made payable to Elaine M. McFarland
- you've been pre-selected to take advantage of this exclusive offer

- use the money to totally erase your high interest debts
- you could get $5,000, $10,000 even $20,000 or more in cash for home improvements, to buy a car or to use for any purpose
- language that the information listed on the mailer was an example
- used an example of a loan in the amount of $110,500, that would be an adjustable rate mortgage (arm) with a rate of 7.99%, fixed for 3 years, a term of 360 months and an Annual Percentage Rate ("APR") of 10.895%
- interest rates may vary according to credit history and other factors
- origination fees and closing costs are included in the APR and may vary by state
- the mailer is a prescreened offer
- the offer is not guaranteed but is contingent upon meeting other criteria relating to employment, credit, income and collateral

Compl. Ex.A.  Plaintiff filed a putative class action on behalf of herself and other Pennsylvania residents who are similarly situated.  Plaintiff excludes from the putative class, those individuals who responded to Calusa's mailer and obtained credit from Calusa.  Compl. at 37.

In its motion to dismiss, defendant argues that the mailer is a firm offer of credit on its face and, therefore, complies with the FCRA.  Calusa argues that the mailer informed plaintiff that she was preselected to receive the offer of credit and she would receive the credit if she continued to meet certain creditworthiness criteria and had the appropriate collateral for the loan.

On July 10, 2007, the court held a hearing on defendant's motion to dismiss at which counsel for each side presented argument.  As set forth more fully on the record, the motion to dismiss filed by defendant Calusa was **GRANTED** because the mailer at issue is a firm offer of credit and the complaint, therefore, does not set forth a claim which would entitle plaintiff to relief.

*Standard of Review*

A motion to dismiss tests the legal sufficiency of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss the court is not opining on whether the plaintiff will be likely to prevail on the merits.  Rather, when considering a motion to

dismiss, the court accepts as true all factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). The pleader is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." Kost, 1 F.3d at 183 (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990)). A motion to dismiss will only be granted if it appears that the plaintiff can prove no set of facts in support of her claims which would entitle her to relief. Id. Moreover, the court is under a duty to examine the complaint independently to determine if the factual allegations set forth could provide relief under any viable legal theory. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When deciding a motion to dismiss, the court can consider exhibits attached to the complaint and documents that form the basis of a claim. See Lum v. Bank of America, 361 F.3d 217, 222 n. 3 (3d Cir.2004) ("In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim"); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997) (explaining that a document forms the basis of a claim if it is "integral to or explicitly relied upon in the complaint")

*Discussion*

**The Fair Credit Reporting Act**

In its motion, defendant Calusa argues that the claim asserted against it should be dismissed because the mailer satisfies the FCRA. Defendant asserts that the mailer is, on its face, a firm offer of credit. Plaintiff argues that the mailer does not contain a firm offer of credit because the mailer does not include any credit terms that are applicable to plaintiff.

In order to protect consumers' privacy and maintain integrity with respect to information held by consumer reporting agencies, the FCRA prohibits credit agencies from sharing a consumer's credit report without the consumer's consent, unless the report is shared for one of the "permissible purposes" enumerated in 15 U.S.C. § 1681 b(a).  Among the "permissible purposes" for which a credit provider can obtain a consumer's credit information from a credit bureau is when the credit provider is making a "firm offer of credit" to the consumer. 15 U.S.C. § 1861 b(c)(1)(B)(I).

A "firm offer of credit" is defined as an offer "that will be honored if the consumer is determined, based on the information in his or her consumer report, to meet the specific criteria used to select the consumer for the offer." Id. § 1681a(l).  A firm offer of credit, however, may be conditioned on three specific requirements: 1) the creditor may apply pre-selected criteria relating to the consumer's creditworthiness; 2) the offer may be conditioned on verification that the consumer still meets the criteria used to initially select the consumer for the offer; and 3) the offer may be conditioned on the consumer furnishing collateral that is established before the consumer was selected for the offer and disclosed to the consumer in the offer.  Id. § 1681 a(l)(1)-(3).  Congress requires that a creditor disclose only one specific credit term in order for a solicitation to constitute a firm offer of credit.  That term is the disclosure of any collateral the creditor requires.  Congress does not explicitly require the disclosure of loan amounts, interest rates or payback times in firm offers of credit.  See Dixon v. Shamrock Financial Corp., 482 F.Supp.2d 172 (D.Mass.2007) (citing Nasca v. J.P. Morgan Chase Bank, N.A., 2007 WL 678407) (S.D.N.Y.March 5, 2007)).

In support of her contention that the mailer at issue does not contain a "firm offer of credit", plaintiff relies on Cole v. U.S. Capital, Inc., 389 F.3d 719 (7th Cir.2004).  In Cole, the

United States Court of Appeals for the Seventh Circuit considered whether a promotional flyer constituted a "firm offer of credit" under the FCRA.  The flyer stated that the recipient was pre-approved to participate in an exclusive offer.  The flyer also informed the recipient that she was eligible to receive a credit card with limits up to $2000 and credit towards an auto loan in an amount up to $19,500.  Id. at 722.  The offer guaranteed a minimum of $300 in auto credit and stated that interest rates might vary from 2.9% to 24.9%.  The flyer did not contain any information on how interest would be compounded or terms of repayment.  Id. at 723.

In determining whether the promotional flyer constituted a firm offer of credit, the court reasoned that it "must consider the entire offer and the effect of all the material conditions that comprise the credit product in question."  Id. at 728.  The court identified three factors supporting the plaintiffs' argument that the defendant's solicitation was not a firm offer.  First, the court found that it was not clear that credit approval was guaranteed.  Next, the court noted that the precise rate of credit and other material terms were not included in the solicitation.  Finally, the court found that the credit card limit, $300, was relatively small in relation to the known limitations of the card, which could be used only toward a vehicle purchase at a particular car dealership.  Id.  The court concluded that the plaintiff's complaint reasonably supported the claim that the defendant's offer was a sham, made only to justify accessing consumer credit reports and solicit buyers for a specific car dealership.  Id.  Further, the credit solicitation in Cole expressly stated that "[g]uaranteed approval is neither express nor implied," which "create[d] a question whether the offer of credit w[ould] be honored."  Id.  "[T]he relatively small amount of credit combined with the known limitations of the offer," in that it had to be used to purchase a vehicle at a specific car dealership, raised a question of whether the offer had any value to the consumer.  Id.  The court found that the missing material terms from the credit solicitation "render [ed] it impossible for the court to determine from the pleadings whether the offer ha[d] value."  Id.

In a more recent decision from the United States Court of Appeals for the Seventh Circuit, the Court of Appeals distinguished Cole in a case that is factually similar to the instant matter. Perry v. First National Bank, 459 F.3d 816 (7th Cir.2006). In Perry, the court found that the credit solicitation at issue did not present the same problems as the solicitation in Cole. First, it was clear from the face of the subject solicitation that recipients were preapproved for an extension of credit. The solicitation stated, "[y]our good standing has been found creditworthy by [the creditor] and that qualifies you for a new [credit] account." Id. at 825. The plaintiff did not argue that she or any class member was denied credit upon responding to the solicitation. Second, the interest rate for the credit card was stated in the terms and conditions brochure sent with the credit solicitation, and was set at a given percentage rate. Third, although the credit limit was low, the credit card could be used to purchase any products or services for which the credit card was accepted. The court found that the facts in Perry presented a "stark contrast to the credit offered in Cole," where the credit could be used only toward the purchase of a vehicle at a particular car dealership. Id.

Courts in other districts have reached conclusions similar to Perry. See Dixon, 482 F.Supp.2d 172 (D.Mass.2007) (letter from prospective creditor did not violate the FCRA where the letter indicated that plaintiff was prescreened for a loan, was able use the proceeds from the loan in any manner but was not guaranteed a loan unless he met certain criteria); Bonner v. CorTrust Bank, N.A., 2006 WL 1980183 (N.D.Ind. July 12, 2006) (mailer did not violate the FCRA where it offered the consumer a $250 credit line, explained the interest rate, the method for compounding interest and the repayment period); Putkowski v. Irwin Home Equity Corp., 423 F.Supp.2d 1053 (N.D.Cal.2006) (finding permissible a mailer that conditionally offered a minimum 20-year, $15,000 line of credit with maximum interest rate of 24%); see also Soroka v. JP Morgan Chase & Co., 2007 WL 895249 (S.D.N.Y. March 19, 2007) ( "there is no reason to

suppose that [the creditor] is not extending a valuable offer of credit to [p]laintiff"); Cavin v. Home Loan Ctr. Inc., 2007 WL 92509 (N.D.Ill.Jan.10, 2007) (recognizing that it is not necessary that an offer disclose every single loan term in order to be a firm offer of credit especially in mortgage loan contexts where mortgages are tailored to individual consumers depending on factors such as amount of the loan, current income and value of the property, which information must be provided by the consumer); Murray v. HSBC Auto Finance, Inc., 2006 WL 2861954 (N.D.Ill. Sept. 27, 2006) (finding a firm offer of credit present where the flyer said the person had been pre-selected for an auto refinance loan in a minimum amount of $5000; that the recipient might be able to reduce her rate by as much of 5.04%; and that percentage rate was based on the average rate reduction obtained by creditor's customers).

As the court noted on the record, it is not disputed that Calusa is in the business of lending money to consumers. There can be no question that defendant solicited potential customers in order to extend credit subject to the provision that the customers proved to be creditworthy. The mailer at issue here, like the solicitation in Perry, is in "stark contrast" to the flyer at issue in Cole. Perry, 459 F.3d at 825. Plaintiff received a mailer that indicated that she was prescreened and found to be initially creditworthy for a loan with defendant. The mailer indicated (1) that there were no restrictions on how plaintiff could spend the money; (2) that defendant would loan up to 125% of the value of the collateral; (3) that the suggested loan amount was in the amount of $110,500; and (4) that the loan would be a mortgage loan secured by the subject collateral. Further, there has been no allegation that defendant would not have honored the prescreened offer made to plaintiff if plaintiff met the employment, income, credit and collateral conditions determined by defendant. Indeed, plaintiff impliedly acknowledges that certain individuals did receive credit from Calusa. See Compl. at 37 (excluding from the putative class all those individuals who received credit from Calusa). Although the mailer here

7

may not be an "example of impeccable FCRA compliance", any deficiencies present are not "sufficient to deprive [Calusa's] mailer of value when this court considers the 'entire credit offer' and 'the entire context' in which the offer was made." Murray, 2006 WL 2861954, *5 (quoting Cole, 389 F.3d at 728).  This court finds that the mailer here complies with the FCRA as it is a firm offer of credit and not, like in Cole, just a sham or guise made only to solicit buyers for a consumer good.  Cole, 389 F.3d at 728.

AND NOW, on this 20th day of July, 2007, upon consideration of defendant's motion to dismiss and argument of counsel, **IT IS ORDERED** that the motion to dismiss filed by defendant Calusa (Docket No. 27) is **GRANTED WITH PREJUDICE.  IT IS FURTHER ORDERED** that this case shall be marked closed by the clerk of courts.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:     Counsel of Record